IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SYMANTHA L. TURNER, | * | |
| *Plaintiff*, | * | |
| v. | * | |
| KENNETH D. PORTER, JR., | * | Case No: 7:22cv00141 |
| | * | |
| and | | |
| | * | |
| TRACIE MCCORMICK, INC., | | |
| | * | |
| *Defendants.* | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**NOTICE OF REMOVAL**

Defendants, Kenneth D. Porter, Jr. ("Porter") and Tracie McCormick, Inc. ("McCormick") (collectively, "Defendants"), by counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby file their Notice of Removal of this action to the United States District Court for the Western District of Virginia, Roanoke Division. As addressed below, this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among the parties, and it is plain from the face the Complaint that the plaintiff, Symantha L. Turner ("Plaintiff"), seeks judgment in excess of $75,000, exclusive of interest and costs, for her claimed personal injuries. In further support of this Removal, Defendants state as follows:

**INTRODUCTION**

1.   Plaintiff commenced her action on February 14, 2022.[1] Plaintiff initiated the instant

---

[1] "A case is commenced in the Commonwealth of Virginia when it is filed with the court." *Culkin v. CNH Am., LLC*, 598 F. Supp. 2d 758, 760 (E.D. Va. 2009).

action for personal injury by filing a complaint in the Circuit Court for the County of Carroll seeking $1,250,000.00 in damages as a result of the alleged negligence of Porter, with McCormick being liability under a theory of respondeat superior. The state court action was assigned case number CL22-000035-00.

2. Plaintiff alleges that she was driving in Carroll County, Virginia on May 27, 2020, when Porter, an agent or employee of McCormick, negligently struck her vehicle with his vehicle causing her to sustain personal injuries. (Compl. ¶¶ 4-9.)

3. Plaintiff attempted to serve Porter through the Secretary of the Commonwealth at an address he no longer lives at in North Carolina. The initial pleadings were sent certified mail, return receipt requested, to Porter at that wrong address on February 24, 2022. Porter has not received the initial pleadings and has not yet been properly served.

4. Plaintiff attempted to serve McCormick through the Secretary of the Commonwealth through its registered agent. The initial pleadings were sent certified mail, return receipt requested, to McCormick's registered agent on February 24, 2022. Upon information and belief, the initial pleadings have not yet been received.

**GROUNDS FOR REMOVAL**

I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

  A. Removal is timely and the amount in controversy exceeds $75,000.

5. Removal is timely pursuant to 28 U.S.C. 1446(b) because Defendant's Notice of Removal was made within thirty (30) days after receipt by the Defendants of a copy of the initial pleading. 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]")

Neither party has been properly served at this point. *See* 28 U.S.C. § 1446(b)(2)(c) (codifying the later-served defendant rule) ("If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.")

6. The amount in controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiff's Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also*, 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.").

7. The Complaint states that "WHEREFORE, the plaintiff, Symantha L. Turner, demands judgment against the defendants, Kenneth D. Porter, Jr., and Tracie McCormick, Inc., jointly and severally, in the sum of ONE MILLION TWO HUNDRED FIFTY THOUSAND DOLLARS ($1,250,00.00) (Compl. "WHEREFORE" clause.) Accordingly, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00 as required by 28 U.S.C. §1332(a).

B. There is complete diversity among the parties.

8. At all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, Plaintiff was a resident, citizen and domicile of West Virginia.

9. At all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, Porter was a resident, citizen and domicile of South Carolina.

10. For purposes of diversity of citizenship, a corporation is deemed to be a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. §1332(c)(1).

11. At all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, McCormick was and still is a Tennessee corporation with its principal place of business in Murfreesboro, Tennessee, and, thus, at all relevant times hereto, was a citizen of Tennessee for purposes of determining diversity.

12. Accordingly, at all relevant times hereto, including at the time of filing of Plaintiff's Complaint in state court and at the time of removal, there was and still is complete diversity among the current parties, and removal is proper under 28 U.S.C. §§ 1332 and 1441(b).

C. Venue and other requirements are satisfied.

13. This Court has jurisdiction of this action by reason of diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(b). Venue for removal is proper in this District and Division, *see* 28 U.S.C. § 1441(a), because this District and Division embraces the Circuit Court for the County of Carroll, the forum in which the removed action was pending. Thus, this Court is the proper venue for this action pursuant to 28 U.S.C. §1441(a).

14. Neither McCormick nor Porter is a citizen of Virginia, the state where this action was brought. *See* 28 U.S.C. § 1441(b)(2).

15. The undersigned hereby certifies that all defendants who have been properly joined and served join in and consent to the removal of this action.

16. Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of all process, pleadings, and orders served upon McCormick and Porter in the original state court action as of this date are attached hereto as "**Exhibit A**".

17. Pursuant to 28 U.S.C. § 1446(d), Defendant filed a written notice of removal with the Clerk of the Circuit Court for the County of Carroll, where this action was pending, a copy (without exhibits) of which is attached hereto as "**Exhibit B**". A copy of this Notice of Removal is being served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

18. By filing this Notice of Removal, Defendant does not waive any defenses, including without limitation, failure to state a claim, lack of personal jurisdiction, improper venue or forum, all defenses specified in Fed. R. Civ. P. 12, or any other defense.

19. If any question arises regarding the propriety of the removal of this action, Defendants respectfully request the opportunity to present a memorandum and oral argument in support of the position that this case is removable and conduct discovery related to the facts that support removal.

WHEREFORE, Defendants respectfully removes this action to the United States District Court for the Western District of Virginia, Roanoke Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

/s/ C. Stephen Setliff
C. Stephen Setliff, Esq. (VSB No. 27882)
Setliff Law, P.C.
4940 Dominion Boulevard
Glen Allen, VA 23060
Phone: (804) 377-1260
Fax: (804) 377-1280
ssetliff@setlifflaw.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of March, 2022, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing upon all parties of record to this cause by electronic notification (NEF) to the CM/ECF participating attorneys. To the extent the attorneys for the parties are not yet participating in the CM/ECF system, the foregoing document was duly served by mailing a copy to the following attorneys of record not yet participating in the CM/ECF system, in accordance with the provisions of Rule 5, Federal Rules of Civil Procedure:

> Benjamin J. Sykes Esq. (VSB No. 79127)
> Skolrood Law Firm PC
> 2965 Colonnade Dr., S.W., Ste. 225
> Roanoke, VA 24018
> Phone: (540) 989-0500
> Fax: (540) 989-1888
> bsykes@skolrood.com
> *Counsel for Plaintiff*

/s/ C. Stephen Setliff